Good morning, Your Honors. If it please the Court, Marilee Marshall for Mr. Clark. The sole issue before the Court today is whether the State Court of Appeal in its opinion unreasonably applied Jackson v. Virginia to the facts before it, and I submit that their application was unreasonable. The Court relied on no cases involving kidnapping for robbery. Daniels was the law since 1969 interpreting penal code section 209, and I submit that it remains the law. Cases that have had a little more inclusive view of what constitutes substantial aspiration being two, but I know of it, Salazar and Rayburn, both involved rapes, not robberies. While the defendant accosted the bank person outside at gunpoint, had the person taken in, right, and then put the person in some other location, correct, and somehow secured the person, and then after that went back out and put the face in the window or somehow showed the person out, and that scared off another bank teller. I mean, how is it that when you're pulled from the, you know, the outside to the inside where people can't see you at gunpoint that you're not, you've been moved, but you're also, you're less safe because other people don't know that you're, you know, being held at gunpoint somewhere? Well, that's a two-pronged issue, and actually the Court, the Federal Court, focused on the first prong where the Court thought that we had a substantial issue, whether or not the movement was merely incidental to the robbery. The second prong, whether or not it increased the harm to the victim is another matter, so I'll deal with the first one first. She was outside the door of the bank, in the back of the bank early in the morning. We don't really know that there was any other people around at that time anyway. She's coming to work, and she was about to cross the threshold. She had her key in the door or about to open the door when she was approached by the robber, so all that the robber did was escort her into the bank, where she was going anyway. The whole movement within that area was about 22 feet, and yet she was put in a storage room. No harm was done to her. I'm sure it was a traumatic experience. I certainly don't mean to minimize it, but most of the cases in California, all of them in fact, that have dealt with this since Daniels, have held that robbery, if it's merely incidental to that necessary to affect the robbery, the taking of the property, that it's not sufficient to sustain the kidnapping. Any of those cases involve somebody who was taken at gunpoint from outside the bank, then inside the bank, then into a room? The only case similar is a rape case, where a woman was taken into a motel, and it was distinguished as being a rape case, because rape is an assault just on the person, whereas robbery is taking the property from the immediate presence of the person. You have to sort of take them to the property. Like if someone comes in your house, and they take you over to your safe, and your safe might be in the basement, or it might be upstairs, and you go at gunpoint, but... We have a case here, where the California court, the second appellate district, tells us that the movement of Jensen was beyond that merely incidental to the commission of the robbery. They cite the Daniels case, and then they describe why. Now what's the standard of review we apply to that? Oh, it's a de novo review. They review the other... You would apply to that? Yes. I would say it would be a de novo review, with deference to whether or not their... De novo review, you would review the whole record, and you see whether or not the court of appeal ruling was objectively, and was unreasonable. Was it a reasonable application of Jackson v. Virginia to the fact that it had before it? Well, but it starts out with a question of state law, whether the evidence sufficient under state law to sustain the kidnapping. And we've got a state court telling us that under state law, the evidence is sufficient. So doesn't it really have to boggle our minds before we can even come close to overturning that on habeas? No, I don't... I don't believe so, Your Honor. I think the thing is, of course, the state is free to define the elements of the crime as it sees fit. But here you have... And the jury, of course, applies the law to the facts. But then when the state court is supposed to look at that and decide, well, if this is unreasonable under Jackson, then we have to overturn this. And Daniels did just that. And so did all the other cases that we relied on. The court of appeal relied only on the case involving rape, not involving robbery. And I'm... I think that there... If we can't have this kind of disparate review done by our state courts, where the same crime is... Some people are doing terms of tenures, and some people are doing life, but for this exact same thing, just because of... I mean, the interpretation the magistrate gives it is that if... Well, if in fact, you know, they're going on this trend where they're distinguishing rape from robbery hasn't developed enough yet. But then Howard comes down in 2002, where it's a robbery case, and it's got facts where the victim was moved around. And the court says it's not sufficient. It's not sufficient for a robbery. It was a jewelry store where the defendant entered the jewelry store and took the female employees and put them in the back room and went back and threatened them. I just feel that the court of appeal did not apply its own state law, Daniels, and so... And therefore, since it did not, the evidence was insufficient under federal law being Jackson. So I'd like to say it's some time for rebuttal once the court has further questions. Thank you. I remember the Daniels case well. I watched it tried in Superior Court in Los Angeles County in the 1960s. May it please the court, Ann Lee Brody on behalf of Apelli. Under California law, then, you know that the Daniels case is... The Daniels test is a two-prong test, and these two prongs are interrelated. You weren't there like Judge Trott, though. No. But I have read it. And it's key to remember that these prongs are interrelated, and the facts that go to one also go to the other. And in this case, the question is whether the court of appeals' determination that a rejection of this claim was an unreasonable application of the sufficiency of evidence standard in Jackson v. Virginia. And this case is replete with substantial evidence that the movement was beyond merely incidental to the bank robbery. And what's important to remember, I think, an interesting fact, is that she was brought from the outside where there were people within earshot. There were people who heard the second bank employee yell, the bank's being robbed. And that second employee is important because she went to the same threshold of that bank door, and she stopped there, and she saw the other woman, Jeanette Niemack, inside. And she did not cross that threshold, and she got away. She ran away. She alerted people that the bank was being robbed. People heard her yelling. This was a busy, close-knit community of businesses. There was the auto mechanic who called the police when Jeanette Niemack, the second employee, ran past. And Petitioner and his cohorts tried to get that second employee inside. They threatened her. They said, get in here. We're going to kill you. They showed her a gun. And she was able to flee. She ran to safety, and she alerted others. But the first employee, Leanne Jensen, was kidnapped just for the purposes of robbing this bank. And her movement in those acts was not merely incidental to the crime of bank robbery. The bank was closed, although there were ATM machines being used outside that could have yielded a rescuer. So by taking her from the outside to the inside, that was substantial movement. How can you rob a bank if you can't get inside, though? I think that's what... Oh, sure. We could go in during bank-outs. Happens all the time. People walk in. They say, give me the money. And there's some incidental movement to the safe, to the open drawers. That is a standard bank robbery. And that is not what happened here. It's not even what happened according to his plan. His plan went south. Well, but does it have to be incidental to the standard bank robbery, or does it have to be incidental to the robbery that is before us? It wasn't even incidental to either one, I don't think. Well, I know that that's your argument. But I was asking, you know, I was making her argument for her. Oh, yes. In the... It's incidental to bank robbery, I believe. I don't want to say in the abstract. But, yeah, when you're trying to punish separately or trying to make this crime of kidnapping for bank robbery, and it has to be beyond bank robbery. You think of bank robbery in terms of... Let's say if he had to pull the gun on her and had to... Because they had to go inside to get the money. If he hadn't put her in the storage place, would that maybe have been incidental to the robbery? Sure. If he... Let's say... Well, let's see. If he hadn't... I would argue that no, because it's that you're crossing a substantial threshold. And it's in that... In those interrelated prongs, it's the nature of the movement and the context of the environment. I got that mixed up. But the nature and the context are important, even in that first prong. So that's a huge movement right there from the busy outside to the locked, closed bank. But even if she had stepped into the bank and... If she had stepped into the bank and then been accosted and led to the safe, that might have been incidental. But in this case, we also have movement to the storage room where she's pushed to the ground and tied up, and then they yank her up after threatening her and other things in the storage room, yank her up, and they put her in this decoy ploy, moving her again to the middle of the bank. That's not part of bank robbery. Which increases the risk of harm. It does increase the risk of harm, all kinds of harm from, you know, responding police officers. Though that's, yes, that's the second prong, and it does relate to the first. But in particular for the aspiratation element, yeah, they moved her. Even though in California law, generally, movement within a structure for the purpose of robbery is not a substantial, increasing or, yes, substantial movement. In this case, it was because he had this decoy ploy, too. Daniels says, indeed, when in the course of a robbery, a defendant does no more than move his victim around inside the premises in which he finds him, whether it be a residence, as here, or a place of business or other enclosure, his conduct generally will not be deemed to constitute the offense prescribed by Section 209. That's right. Here we have somebody taken from outside the premises. Exactly. Outside the premises. So on that alone, it appears that Daniels is, that a conclusion that Daniels is satisfied is not unreasonable. That's right, Your Honor. And the difference between rape and robbery is, I think, is not significant in these cases. In Rayford, another seminal case, California case law on kidnapping, 9 Cal 4th, 1, at page 20, the California Supreme Court held that the two-part Daniels test for aspiratation applies to kidnapping for rape. And both robbery and rape, aggravated kidnapping for robbery, for rape, are prosecuted under the same penal code, Section 209B, which suggests that the legal standards are identical. I think that, and the courts have applied the two-pronged Daniels test routinely in robbery and rape cases. So I think that's less of an issue than, than, I think that's, I think that, that supports our position as well. In that case, they're talking about moving them in their own rooms. Exactly, yes. Inside the premises again, over and over again. And in this case, she was definitely taken from a position of relative safety into the closed bank where she was threatened, held at gunpoint, and used in a very risky ploy to lure other bank employees in. And the employee who wasn't brought inside ran to safety and alerted the police. Do you have anything else, counsel? No, thank you. Thank you very much. Just briefly, I'd like to point out that it wasn't 8 o'clock in the morning, and the second employee, it was two hours before the bank was supposed to open, and the second employee didn't arrive until like toward the end of the ordeal, which was 30 minutes later. Which means what? Which means to me that there wasn't necessarily any safer standing outside of the door at that point than it was inside of the door. Later on in the day, when the second employee arrived and her arrestor was around, there would be a better argument that the... Well, better argument. I mean, now you're losing sight of the standard of review. You have to get unreasonable. I don't think the threshold, the crossing of the threshold of the bank satisfied either the first prong or certainly the second. You don't think so, but Rayford and Daniels seemed to. Well, Rayford and Daniels, well, Daniels dealt with a robbery, and Daniels wasn't really dealing with the threshold. It said that, well, within the close, you can move people around. It doesn't constitute a kidnapping. The first case that I know of to deal with the crossing of the border like that is a rape case, which I think is distinguishable because it is a rape case, which doesn't involve moving people to their property. Rape is an assault just on the person, not taking a property. And I believe that the Court of Appeal refused to recognize that important difference and just used... They really relied on Salazar and Rayborn, which were rape cases for their holding as opposed to on Daniels itself. Thank you. Thank you. Thank you both. The case just argued is ordered submitted. We'll call the final case on today's calendar, Hilton versus Children's Hospital, San Diego. Thank you. Thank you. Thank you. Handle up short distances against doctor's orders, so I'm going to do that.
judges: Trott, Callahan, Magill